UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RICHARD MANUS,

                                       Plaintiff,

             -against-

THE CITY OF NEW YORK, POLICE OFFICER LUIS
MARTINEZ, tax # 944776, SERGEANT DANIEL
ZOLLO, tax # 919899, SERGEANT DAVID
CHEESEWRIGHT, shield # 1990, POLICE OFFICER
JASON BRUNSON, shield # 17542, POLICE OFFICER
DONALD GOLDSTON, shield # 17744, POLICE
OFFICERS JOHN DOES 1-5,

                                         Defendants.

**FIRST AMENDED COMPLAINT**

13 CV 7225 (JBW) (RLM)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action against the City of New York and several New York City Police Officers alleging that defendants violated his rights under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution by falsely arresting him.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## PARTIES

5. Plaintiff is a resident of the State of New York, County of Queens.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.

## STATEMENT OF FACTS

8. On December 20, 2011, plaintiff was sleeping on the couch in the living room of his friend's apartment located at 1633 Sterling Place, apartment # 1H, in Brooklyn, when, at approximately 9:00 a.m., defendants entered the apartment.

9. Although plaintiff was not the target of a search warrant and was not in actual or constructive possession of any weapons or contraband, defendants, acting in concert, arrested plaintiff along with the other occupants of the apartment.

10. Defendants' motive for falsely arresting plaintiff was to increase their arrest numbers and earn overtime for processing his arrest.

11. Defendants took plaintiff to the 77th Precinct.

12. While plaintiff was in custody in the precinct, Officer Luis Martinez, acting in concert with the other defendants, falsely charged plaintiff with possession of a weapon and other contraband.

13. Defendants misrepresented in police reports that plaintiff lived at the location and that weapons and other contraband were in plain view.

14. While plaintiff was in custody in Brooklyn Central Booking, Officer Luis Martinez, acting in concert with the other defendants, misrepresented to prosecutors from the Kings County District Attorney's Office that plaintiff was found in possession of a weapon and other contraband.

15. Plaintiff was released from Brooklyn Central Booking 26 hours and 40 minutes after his arrest because the Kings County District Attorney's Office declined to prosecute plaintiff.

16. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for approximately 26 hours and 40 minutes and suffered a loss of liberty, emotional distress, fear, anxiety, sadness, embarrassment and humiliation.

## FIRST CLAIM

### (FALSE ARREST UNDER THE FOURTH AMENDMENT)

17. Plaintiff repeats the foregoing allegations.

18. At all relevant times, plaintiff did not commit a crime or violation.

19. Despite plaintiff's innocence, the defendants arrested plaintiff.

20. Plaintiff was conscious of his confinement, did not consent to his confinement and his confinement was not privileged.

21. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

**SECOND CLAIM**

**(FAILURE TO INTERVENE UNDER THE FOURTH AMENDMENT)**

22. Plaintiff repeats the foregoing allegations.

23. All of the officers at the scene of plaintiff's arrest had a reasonable opportunity to prevent the violation of plaintiff's constitutional right to be free from false arrest, but they failed to intervene.

24. Accordingly, the defendants are liable to plaintiff for failing to take steps to prevent the violation of plaintiff's rights under the Fourth Amendment.

**THIRD CLAIM**

**(*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)**

25. Plaintiff repeats the foregoing allegations.

26. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

27. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

28. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

29. At least one federal court has recognized that there is widespread falsification by members of the NYPD. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other

federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

30. Another federal court held in *Floyd v. City of New York*, 08 Civ. 1034 (S.D.N.Y. May 16, 2012) that the City of New York's and the NYPD's "cavalier attitude towards the prospect of a 'widespread practice of suspicionless stops' displays a deeply troubling apathy towards New Yorkers' most fundamental constitutional rights."

31. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

32. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED:     March 21, 2014

/s/

_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391

5